**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | No. 3:19-CR-573-B |
| ERIC WAYNE MORRIS | § § | |

**MEMORANDUM OPINION AND ORDER**

By order of reference dated March 30, 2020 (doc. 30), before the Court *is Defendant Motion for Release from Custody in Light of COVID-19 Outbreak at Dallas County Jail*, filed March 26, 2020 (doc. 27). Based on the relevant filings, evidence, and applicable law, the motion is **DENIED**.

**I. BACKGROUND**

Eric Wayne Morris (Defendant) was charged by complaint dated October 15, 2019, with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). (*See* doc. 1.) On October 16, 2019, he made his initial appearance in this district, waived both his preliminary and detention hearings at that time, and was ordered detained. (*See* docs. 4, 7-9.) Defendant was indicted for conspiracy to possess and possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846 on November 6, 2019. (*See* doc. 11.) He entered a plea of guilty to the possession charge on March 5, 2020, the plea was accepted on March 25, 2020, and his sentencing hearing is currently scheduled for June 18, 2020. (*See* doc. 25.)

Defendant now seeks to be placed on pre-sentencing home confinement at his wife's residence with an ankle monitor. (*See* doc. 27 at 6.) He contends that he is at extreme risk of contracting COVID-19 in the Dallas County facility where he is currently being held because there are several confirmed cases there, and he cites several news articles reporting that cases of COVID-19 in that facility have been confirmed. (*Id.* at 3-4 n. 4, 6, 7.) He contends that his diabetes and morbid obesity

place him at a higher risk for severe illness from COVID-19. (*See id.* at 5-6.)

## II. ANALYSIS

Defendant relies on § 3142(i) and § 3142(f)(2) in support of his request for release. (*See* doc. 27 at 4-5.)

**A.      18 U.S.C. § 3142(i)**

Section 3142(i) states that after a defendant has been detained,

> the judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i).

The United States Court of Appeals for the Fifth Circuit has not addressed the issue of whether § 3142(i) applies to a defendant who is detained while awaiting sentencing, and only a few courts appear to have considered the issue. In *United States v. Hartsell*, __ F. Supp.3d __, 2020 WL 1482175 (N.D. Ind. 2020), a defendant who had pleaded guilty and was pending sentencing sought emergency temporary release under § 3142(i), and the motion was denied. On appeal of that denial, the district court specifically questioned whether § 3142(i) was intended to apply in the post-plea context, but noted that § 3142(i) was the sole basis for the motion, and that the government had conceded its applicability. *Id.* at *1-2. It therefore proceeded to analyze the detention issue under that provision, "albeit with sound reservation," but identified five different bases for its reservation: (1) § 3143 applies to defendants "pending sentencing, and that statute has "no corresponding cousin to 18 U.S.C. § 3142(i) that would authorize temporary release for a compelling reason;" (2) "the language authorizing temporary release in 18 U.S.C. § 3142(i) is appended to the statutory requirements for a detention order under § 3142(e)–so through construction, ostensibly evinces a congressional intent to

consider and permit that temporary release before a guilty plea, but not after;" (3) "there is intended interplay between § 3142 and § 3143, but not § 3142(i);" (4) "the statutory dichotomy between § 3142 and § 3143 has real meaning" based on the presumption of release prior to trial but in favor of detention after a guilty plea; and (5) "no party cites a case in which § 3142(i) has been used for temporary release of a defendant who has pleaded guilty," and it found none. *Id.* Two other courts have likewise questioned the applicability of § 3142(i) in the post-plea context. *See United States v. Clancy*, __F.Supp.3d__, 2020 WL 1599340, at * 2 (W.D. Pa. 2020) (finding that § 3142(i) applied to defendants pending trial, not pending sentencing, and addressing the defendant's post-plea § 3142(i) motion under § 3143); *United States v. Bolze*, No. 3:09-CR-93, 2010 WL 199978, at * 2 (E.D. Tenn. Jan. 13, 2010) (also questioning the applicability of § 3142(i) to a defendant detained post plea and pending sentencing); *see also United States v. McDuffie*, No. 19-CR-212 (VEC), 2020 WL 1659879, at *1 (S.D.N.Y. Apr. 3, 2020) (noting that although motion for pre-sentence release was brought under § 3142(i), which allows for temporary pretrial release, motion was actually governed by 3143(c)).

In *United States v. Kennedy*, No. 18-20315, 2020 WL 1493481 (E.D. Mich. Mar. 27, 2020), the court noted that "the language of § 3142(i)(4) appears under the heading 'Release or detention of a defendant pending trial,'" but stated that the provision applied to the defendant despite the fact that he had pled guilty and was awaiting sentencing instead of trial because it specifically permitted temporary release by subsequent order. *Id.* at *3, citing *United States v. Thornton*, 787 F.2d 594, 594 (6th Cir. 1986) (Table decision) (suggesting that a district court could temporarily release a pretrial detainee pursuant to § 3142(i)(4) by subsequent order even after a prior order holding that the detainee was a flight risk or a risk to public safety under § 3142(g)), and *United States v. Dante Stephens*, No. 15-cr-0095, 2020 WL 1295155, *2 (S.D.N.Y. Mar. 19, 2020) (noting that the government did not

3

challenge the application of § 3142(i) to a defendant awaiting a supervised release violation hearing and concluding that it applied). The court did not elaborate further on its rationale. *See id.*; *see also United States v. Kennedy*, No. 18-20315, 2020 WL 1493481, at *2 (E.D. Mich. Apr. 1, 2020) (reaffirming its prior finding that "18 U.S.C. § 3142(i)(4) is a separate statutory ground, with separate statutory considerations, distinct from the United States' suggested approach through 18 U.S.C. §§ 3143(a)(1) and (g)").

As noted in *Hartsell* and *Clancy*, § 3142 relates to release or detention pending trial, while § 3143 relates to release or detention of a defendant pending sentence or appeal. Rule 46(a) of Federal Rules of Criminal Procedure expressly states that § 3142 governs pretrial release, while paragraph (c) of that rule states that § 3143 governs release pending sentencing or appeal. The detailed and reasoned discussion in *Hartsell* regarding why § 3142(i) is inapplicable is persuasive. The Court respectfully disagrees with *Kennedy*, especially in light of its reliance on cases that did not involve defendants who were awaiting sentencing, and finds that § 3142(i) does not apply in the post-plea context.

**B.  18 U.S.C. § 3142(f)(2)**

Section 3142(f)(2)(B) provides that a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Fifth Circuit has interpreted this standard as requiring "new" information. *U.S. v. Stanford*, 367 F. App'x 507, 509-10 (5th Cir. Feb. 17, 2010) (per curiam)(citing *United States v. Hare,* 873 F.2d 796, 799 (5th Cir.1989). New and material information for purposes of § 3142(f)(2)(B) consists of "truly changed circumstances, something unexpected, or a significant event," and courts have interpreted the

4

requirements of this provision strictly.  In addition, conclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable.  *See U.S. v. Stanford*, 341 F. App'x 979, 984 (5th Cir. Aug. 24, 2000).

As with § 3142(i), the Fifth Circuit has also not addressed whether § 3142(f)(2) applies to a defendant seeking to reopen detention after conviction but before sentencing.  In *United States v. Thomason*, No. 19-cr-00005 (ECT/SER), 2019 WL 2206780, at *2 (D. Minn. May 22, 2019), the district court held that § 3142(f)(2) does not provide authority to reopen the issue of detention after a defendant has pleaded guilty.  It found that while § 3142(f)(2) provides for the reopening of a detention hearing "at any time *before trial*," a guilty plea functions as an adjudication of guilt, so a post-plea motion to reopen detention is not brought "before trial." *Id.* (*emphasis original*), citing *United States v. Alston*, No. 1:13CR431-1, 2014 WL 701518, at *1 (M.D.N.C. Feb. 24, 2014) ("[B]ecause the defendant has pleaded guilty, he no longer retains a right to reopen his detention hearing."), and Fed. R. Crim. P. 46(a)–(c) (stating that § 3142, together with § 3144, "govern[s] pretrial release" but § 3143 "govern[s] release pending sentencing"); *see also United States v. Scali*, No. 7:16-CR-466-(NSR), 2018 WL 3410015, at *2 n. 3 (S.D.N.Y. July 12, 2018)(noting that the government's argument that the pre-sentencing detention hearing could not be reopened because there were no "'new or changed circumstances,' mistakenly applies the part of the statute controlling detention pre-trial (18 U.S.C. § 3142(f) ) to the present pre-sentencing context." ); *United States v. Clark*, No. 1:13CR332-1, 2014 WL 791856, at *1 (M.D.N.C. Feb. 25, 2014) ("because the defendant has pleaded guilty, he no longer retains a right to reopen his detention hearing.").

As discussed in relation to § 3142(I), Rule 46(a) makes clear that § 3142 governs pretrial

5

release. The Court agrees with the reasoning in *Thomason* and likewise finds that § 3142(f)(2) does not provide authority to reopen the issue of detention after a defendant has pleaded guilty.

**C.      18 U.S.C. § 3143**

The government contends that the § 3143(a)(1) provides the applicable standard of review. (*See* doc. 28 at 2-3.)

Section 3143(a)(1) states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1).

Some courts have questioned whether § 3143 is the appropriate basis for reopening the issue of detention after a defendant has been found guilty but has not yet been sentenced. In *Thomason,* the court noted that nothing in § 3143 specifically permits courts to reconsider their own detention decisions; it has "no provision analogous to § 3142(f)(2) for 'reopening' the issue." 2019 WL 2206780, at *2; *see also Scali*, 2018 WL 3410015, at *2 n. 3(§ 3143 is "silent on the question of whether it is possible to reopen a detention hearing." ). "If anything, § 3143 suggests that the detention decision generally will be made a single time, either after a guilty verdict or after the Court accepts the defendant's guilty plea." *Id.* Nevertheless, courts have entertained pre-sentencing motions for release or to "reconsider" § 3143 orders for post-conviction detention.[1] *See, e.g., United States v.*

---

[1] Although motions for reconsideration "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (*citing United States v. Cook*, 670 F.2d 46, 48 (5th Cir.), *cert. denied*, 456 U.S. 982 (1982)); *see also United*

*Cooper*, __F.Supp.3d __, 2020 WL 1577852, at *21(W.D.N.Y. Mar. 30, 2020) (considering motion for pre-sentencing release due to COVID-19 under § 3143(a)(1)); *United States v. Garivay*, No. CR-13-1070-PHX-SRB (LOA), 2013 WL 6577320, at *2 (D. Az. Dec. 16, 2013) (reconsidering § 3143(a)(1) order of detention under same standard applicable to civil motions under Fed. R. Civ. P. 59(e)); *United States v. Vallone*, No. 04 C 372, 2008 WL 4087879, at * 1 (N.D. Ill. Aug. 22, 2008) (treating motion for reconsideration of § 3143(a)(1) detention order as governed by that provision); *see also United States v. Segovia Martinez,* No. CR-18-177-D, 2020 WL 1666804, at *1 (W.D. Ok. Apr. 3, 2020) (reconsidering § 3143(a)(2) detention order) *United States v. Gietl*, No. 4:15-cr-122, 2016 WL 1384782, at *1 (D. N. Dak. Apr. 7, 2016) (same); *United States v. Roberson*, No. 14-CR-0403(3)(PJS/FLN), 2015 WL 4247046, at *1 (D. Minn. July 13, 2015) (same); *United States v. Lewis*, No. 12–60011–CR, 2013 WL 140412, at *1 (S.D. Fla. Jan. 11, 2013) (same); *United States v. Jones*, No. 3:12-cr-26-WHB-LRA, 2012 WL 12877850, at * (S.D. Miss. July 11, 2012) (same); *United States v. Bracken*, No. 1:11CR74, 2011 WL 4946197, at *1 (W.D.N.C. Oct. 18, 2011) (same); *United States v. Oliver*, No. 1:09 CR 535, 2010 WL 5401435, at *1 (N.D. Ohio Dec. 23, 2010) (same); *United States v. Fisher*, 587 F.Supp.2d 635 (S.D.N.Y. 2008).[2]

---

*States v. Brewer*, 60 F. 3d 1142, 1143 (5th Cir. 1995) ("a motion for reconsideration ... is a judicial creation not derived from statutes or rules"). Courts have "continuing jurisdiction over criminal cases and are free to reconsider [their] earlier decisions." *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). In the context of criminal proceedings, courts have applied the same legal standards as for motions for reconsideration in civil cases. *See United States v. Williams,* No. 3:19-CR-159-S, 2019 WL 2161648, at *2 (N.D. Tex. May 16, 2019) (citations omitted). Courts have looked to the standard in Rule 59(e), which allows parties to correct manifest errors of law or fact or to present newly discovered evidence, in reviewing motions for reconsideration of criminal motions. *Id.* The Fifth Circuit has more recently made clear, however, that courts may reconsider and reverse a decision for any reason deemed sufficient, and "this more flexible standard likewise appears applicable in the context of a motion to reconsider a detention order." *Id.*

[2] In *Thomason*, the court found that § 3145(c) is the proper basis for reconsidering a post-conviction detention order issued under § 3143(a)(2)). 2019 WL2206780, at *1; *see also Segovia Martinez*, 2020 WL 1666804, at *2 (stating that pre-sentencing order of detention under § 3143(a)(2) could be reconsidered under §3145(c)); *United States v. Borden*, No. 1:15-CR-00004-GNS, 2017 WL 1017933, at *2 (W.D. Ky. Mar. 10, 2017)(same); *United States v. Bird*, No. 2:12 cr -6-1, 2012 WL 3662322, at *1-2 (W.D.N.C. Aug. 24, 2012) (same). Because § 3145(c) expressly only applies to persons subject to detention under § 3143(a)(2), it does not apply in this case because Defendant is detained under § 3143(a)(1).

In light of the cases considering motions under § 3143(a), Defendant's post-conviction pre-sentencing motion will likewise be analyzed under § 3143(a). Section 3143(a) reflects a presumption in favor of detention that attaches to a convicted defendant. *See United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016). The burden of establishing by clear and convincing evidence that he is not a flight risk or a danger community under § 3143(a)(1) falls on the defendant seeking release. Fed. R. Civ. P. 46(c).

Here, Defendant seeks release pending sentencing because he is a morbidly obese diabetic currently being held in the Dallas County jail, which has several confirmed cases of COVID-19 in its population, and his health conditions place him at a higher risk of severe illness from COVID-19. He contends that because of the nature of the pandemic, the United States Marshal is unable to safely house him in any other facility due to his health conditions, and that he should be allowed to reside with his wife in lieu of confinement. He claims that he is not a danger to the community because he is not accused of any violent conduct or of possessing or using a firearm in connection with the drug offense to which he has pleaded guilty.

COVID-19, as coronavirus disease 2019 is known, is an infectious disease caused by a new virus, which causes respiratory illness and has resulted in thousands of deaths around the world, with more than 8,900 in the United States alone. CDC, *COVID-19: U.S. at a Glance*, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited Apr. 6, 2020). According to the Center for Disease Control (CDC), persons with underlying medical conditions such as diabetes and obesity are at a higher risk of developing serious COVID-19 illness. *Basank v. Decker*, __F.Supp.3d__, 2020 WL 1481503, at *3 (S.D.N.Y. Mar. 26, 2020), citing *People at Risk for Serious Illness from COVID-19*, Centers for Disease Control (Mar. 20, 2020),

https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications.html ("Older people and people of all ages with severe underlying health conditions—like heart disease, lung disease and diabetes, for example—seem to be at higher risk of developing serious COVID-19 illness."); *Information for Healthcare Professionals: COVID-19 and Underlying Conditions*, Centers for Disease Control (Mar. 22, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/underlying-conditions.html (listing, among other medical diagnoses, "moderate to severe asthma," "heart disease," "obesity," and "diabetes" as conditions that trigger higher risk of severe illness from COVID-19). The CDC has acknowledged the particular challenges faced by correctional and detention facilities in controlling the transmission of COVID-19 and has provided some guidance, as several courts have recognized. *See United States v. Nkanga*, 18-CR-713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020), citing Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, Ctr. for Disease Control, at 2 (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.; *United States v. French, et al.,* No. 1:12-cr-00160-JAW, 2020 WL 1539926, at *7 (D. Me. Mar. 31, 2020); *Kennedy*, 2020 WL 1493481 at *2.

Defendant's health and the public health emergency caused by COVID-19 are extremely important considerations, and they are not taken lightly. He has not shown that the Dallas County jail is unable to or failing to take measures to protect inmates from the spread of COVID-19, however. His motion concedes that the Dallas County Sheriff's Office has taken measures to stop the spread of the virus in the jail, although he argues that those measures are not enough. The United States Marshal's Office for the Northern District of Texas has confirmed that all of the facilities in which it

houses federal detainees are implementing practices to protect detainees in accordance with CDC guidelines. He does not allege that he has actually been exposed to the virus, or that anyone he is in contact with has been exposed. *See Segovia Martinez*, 2020 WL 1666804, at *2 (noting lack of allegation of exposure). The fact that Defendant has conditions which place him at a higher risk alone is insufficient to meet his burden to overcome the presumption of detention in this case. *See United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020)(finding that the defendant's underlying medical conditions, which placed him at a higher risk for COVID-19, were alone insufficient to overcome proffer regarding prison staff's practices to protect detainees, and that the defendant had failed to overcome the presumption of detention); *see also United States v. Jackson*, No. 18-216, 2020WL 1445958, at *2 (W.D. Pa. Mar. 24, 2020)(recognizing that the potential for exposure to COVID-19 exists anywhere in the community). Defendant's contention that he may be released to his wife's home with electronic monitoring does not rise to the level of clear and convincing evidence. It also does not allay concerns for the safety of pretrial services officers who will have to install equipment in order to supervise him, and the United States Deputy Marshals who will have to go out and find and arrest him if he does not comply with any conditions of release, in the midst of the current pandemic. Defendant has not met his burden to show by clear and convincing evidence that he is not a flight risk or danger to the community.

### III.  CONCLUSION

Defendant's motion for pre-sentencing release is **DENIED**.

**Signed this 6th day of April, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE